UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILBERT PATRICK STEWART, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-408 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Garza East Transfer Facility in Beeville, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on December 15, 2013.[1] Petitioner claims that his due process rights were violated when he was returned to prison for a parole violation and was not given credit toward his sentence for the time he was out on parole. Respondent filed a motion for summary judgment on March 20, 2014 (D.E. 15) to which Petitioner did not respond. For the reasons set forth below, it is recommended that Respondent's motion for summary judgment be granted and Petitioner's application for habeas corpus relief be dismissed as unexhausted or, in the alternative, denied on the merits. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on December 15, 2013 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was convicted of "Robbery/Threats–habitual" in Bexar County, Texas on March 15, 1993 and sentenced to a term of twenty-six years, with credit toward his sentence from October 25, 1992 (Aff. of Charley Valdez, Ex. B to Mot. for Sum. Jmt., D.E. 15 at 11-14).  Petitioner was released to parole on November 19, 2009, with eight years, eleven months and six days remaining on the twenty-six-year sentence (*Id.*)

On January 15, 2013, Petitioner was convicted of burglary of a habitation with intent to commit assault for an offense that occurred on April 21, 2012.  He was sentenced to a nine-year term of imprisonment to run concurrently with the robbery sentence.  Petitioner received jail time credit from May 17, 2012.  A pre-revocation warrant for his arrest was issued on April 30, 2012 by the Texas Board of Pardons and Paroles and executed on May 17, 2012.  Petitioner's parole was revoked on January 3, 2013 (*Id.*)

Petitioner was transferred to TDCJ-CID custody on February 7, 2013.  The new nine-year sentence is considered his controlling offense (*Id.*)

Petitioner spent two years, five months and twenty-eight days out of custody on parole.  When he was returned to custody for the parole violation, that time was not credited toward his original 26-year sentence.  Rather, he still had eight years, eleven months and six days remaining on the sentence (*Id.*)

Petitioner filed a Time Dispute Resolution form with TDCJ on October 18, 2013, arguing that his sentence was being calculated incorrectly. He received a response on October 24, 2013 telling him that there was no error in the time calculation (*Id.*)

Petitioner filed the instant action on December 18, 2013 and also has filed supplemental briefing (D.E. 1, 2, 6, 14). He argues that his due process rights were violated when his original sentence was extended by two years, five months and twenty-eight days, the amount of time he spent out of custody on parole. In other words, he is arguing that the time he spent out of custody should be credited toward his sentence. Respondent argues in his motion for summary judgment that Petitioner's claim is unexhausted and also that he is not entitled to have the time spent out of custody credited toward his sentence.

## APPLICABLE LAW

### A. Exhaustion

Respondent contends that Petitioner's claim is unexhausted. Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995). The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights."

*Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement applies to time calculation challenges because they may be brought in the state courts.  *See Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000); *Ex Parte Quinby*, 928 S.W.2d 565 (Tex. Crim. App. 1996).

Petitioner has filed a state habeas action, which is still pending.  *Ex Parte Stewart*, WR-81,003-01 (Tex. Crim. App. filed Feb. 24, 2014)(Ex. C to Mot. for Sum. Jmt., D.E. 15 at 16).  Accordingly, Respondent is correct that Petitioner's claim is unexhausted and it is recommended that the claim be dismissed without prejudice.

**B.  Merits**

In the alternative, it is recommended that Petitioner's claim be dismissed with prejudice on the merits, because it is clear that he is not entitled to the relief he seeks.[2] The Texas Government Code provides the following:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b).  Petitioner was convicted of robbery, a violation of Tex. Penal Code § 29.02, which is one of the offenses listed at Tex. Gov't Code §

---

[2] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

508.149(a)(11). Thus, he is not entitled to credit toward his sentence for the time spent out of custody on parole. Because he is not entitled to the street-time credit, he cannot make out a claim that his right to due process was violated. *Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013). Accordingly, it is recommended that his application for habeas relief be denied.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct.

1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be denied both procedurally and on the merits. Reasonable jurists would not find the assessment of the constitutional claims or the issue of exhaustion debatable or wrong. If the district court orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 15) be GRANTED. Petitioner's application should be dismissed without prejudice as unexhausted, or, in the alternative, on the merits, because

he has failed to show a violation of his constitutional rights. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 5th day of May, 2014.

						_____
						B. JANICE ELLINGTON
						UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).