UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILBERT PATRICK STEWART, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-408 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's motion for summary judgment. D.E. 15. On May 5, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Respondent's motion for summary judgment be granted and Petitioner's claims be dismissed as unexhausted and without merit. D.E. 17. Petitioner filed his objections on May 14, 2014.[1] D.E. 19. Petitioner's objections are set out and discussed below.

First, Petitioner objects on the basis that his claim is not unexhausted because his state habeas application has been ruled on by the Texas Court of Criminal Appeals. In support of his argument, Petitioner correctly notes that his state habeas application was denied without written order by the Texas Court of Criminal Appeals on March 26, 2014—less than a week after Respondent filed his motion for summary judgment citing Petitioner's failure to exhaust as a basis for dismissal. *See Ex parte Stewart*, WR-81,134-02 (Tex. Crim. App. March 26, 2014).

---

[1] Petitioner also filed objections on May 27, 2014 (D.E. 24), but those objections contain the same substance as the May 14th filing.

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting his claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding. *See Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Controlling courts have not explicitly addressed whether exhaustion is determined (1) at the time a petitioner files a federal petition for habeas relief; or (2) at any time before the district court makes a dispositive ruling on a petitioner's claim. The applicable statute merely indicates that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

The Ninth Circuit, however, has held that "[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citing *Brown v. Maass*, 11 F.3d 914, 915) (9th Cir. 1993).[2]

Language from relevant Fifth Circuit cases supports the Ninth Circuit's approach. For example, in *Wion v. Quarterman*, 567 F.3d 146 (5th Cir. 2009), the Fifth Circuit stated: "*Before pursuing* federal habeas relief, a petitioner is required to exhaust all state

---

[2] Several recent district court decisions in the Ninth Circuit have also relied on this statement of law. *See e.g.*, *Caracci v. Habeas Corpus*, 2014 WL 1290089, at *2 (C.D. Cal. March 28, 2014); *Thomas v. Lewis*, 2014 WL 988800, at *2 (C.D. Cal. March 12, 2014); *West v. Nooth*, 2013 WL 4773544, at *2 (D. Or. September 4, 2013).

procedures for relief." *Wion*, 567 F.3d at 148 (emphasis added). In *Orman v. Cain*, 228 F.3d 616 (5th Cir. 2000), the Fifth Circuit held that "a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court *before he may seek* federal habeas relief." *Orman*, 228 F.3d at 619-20 (emphasis added). Finally, in *Beazley v. Johnson*, 242 F.3d 248 (5th Cir. 2001), the Fifth Circuit held that a habeas petitioner "must exhaust all claims in state court *prior to requesting* federal collateral relief." *Beazley*, 242 F.3d at 263 (emphasis added). Although these cases do not explicitly endorse the Ninth Circuit approach, each opinion makes reference to the origination of the habeas petition—that is to say, its filing—in stating when exhaustion must be complete in order for a federal habeas petitioner to avoid dismissal for failure to exhaust.

For the reasons stated above, this Court finds that Petitioner's claims are unexhausted, despite receiving a final disposition from the Texas Court of Criminal Appeals during the pendency of his federal habeas application, because Petitioner filed the application before exhaustion in the state court was complete. "Petitioner may, of course, simply refile his petition and start over. Although this may seem rather cumbersome . . . any 'burden' is of [P]etitioner's own making as a result of his filing his federal habeas petition prior to the exhaustion of his state court remedies." *Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001). Petitioner's first objection is **OVERRULED**.

Second, with regard to the merits of his claim, Petitioner argues that his due process rights were violated when TDCJ unlawfully extended his 26 year sentence for robbery. In his objections, Petitioner repeatedly insists that his sentence has been

miscalculated and improperly extended by approximately three (3) years. *See e.g.* D.E. 19, p. 7-8 and 12-13.

The following facts are undisputed. On October 25, 1992, Petitioner began serving a 26 year sentence. If Petitioner served the full 26 years, he would have been eligible for release on October 25, 2018. On November 19, 2009, Petitioner was released on parole with eight (8) years, 11 months, and six (6) days remaining on his 26 year sentence. Petitioner spent two (2) years, five (5) months, and 28 days[3] on parole before he was recommitted to state custody. On May 17, 2012, a pre-revocation warrant for Petitioner was executed. Petitioner was then returned to state custody and began receiving jail time credit for the remainder of his 26 year sentence. The remaining time on Petitioner's 26 year sentence began to run on May 17, 2012—resulting in a discharge date of April 22, 2021.[4]

Although Petitioner indicates that he is challenging "clerical errors made in the calculation of time and the tracking sheet" and, presumably, not whether the time spent on parole should be credited toward his 26 year sentence (D.E. 19, p. 13), the discrepancy of approximately three (3) years that he insists exists can only be explained if Petitioner

---

[3] Petitioner raises what he perceives to be a discrepancy concerning the amount of time that he was out on parole. D.E. 19, p. 8. He notes that there are references in Respondent's supporting documents to Petitioner being out on parole for two (2) years, five (5) months, and 11 days as well as two (2) years, five (5) months, and 28 days. There is no discrepancy. Petitioner had been on parole for two (2) years, five (5) months, and 11 days before the pre-revocation warrant was *issued* on April 30, 2012. However, it was not until the pre-revocation warrant was *executed* on May 17, 2012—two (2) years, five (5) months, and 28 days after Petitioner had been paroled—that Petitioner was returned to state custody and began earning jail time credit for the balance of his 26 year sentence.

[4] This Court's calculations result in a discharge date of April 22, 2021, however the TDCJ lists the discharge date as April 21, 2021—one day earlier.

is operating on the erroneous assumption that his 26 year sentence continued to run during the time he was out on parole.

To this end, the Texas Government Code provides:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b). Petitioner is "a person described by Section 508.149(a)" because he was convicted of robbery, which is a violation of Texas Penal Code § 29.02. A violation of Texas Penal Code § 29.02 is one of the offenses listed in Texas Government Code § 508.149(a). Consequently, Petitioner is not entitled to credit toward his sentence for the time spent out of custody on parole and cannot make a claim that his right to due process was violated. *Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013).

In addition, Petitioner's nine (9) year sentence for burglary of a habitation with intent to commit assault was correctly calculated. Petitioner's sentence began on May 17, 2012. The discharge date listed by TDCJ is May 17, 2021—which is nine (9) years later. Both of the sentences at issue have been correctly calculated, and Petitioner's objections to their calculation are **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and

Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 15) is **GRANTED** and this action is **DISMISSED** with prejudice. In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 21st day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE